## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

GARY STEVEN CRAWFORD
ADC # 129963                                                                                     PLAINTIFF

V.                                        4:06CV01375 SWW/JTR

JUDY WATKINS, County Clerk,
Madison County, Indiana, et al.                                                           DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Ouachita River Correctional Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  Analysis of Plaintiff's Claims

In his Complaint, Plaintiff alleges that County Clerk Ludy Watkins, Magistrate Stephen D. Clase, and Judge Dennis D. Carroll deprived him of his constitutional rights when they failed to provide Plaintiff with proper notice before granting his ex-wife, Defendant Lori Ann Coates, an uncontested divorce in Madison County, Indiana, on September 1, 2006. *Id.*

It is well settled that judges have absolute immunity from damages in a civil action when they act in their judicial capacity, unless their actions are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978*); Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997). Importantly, this absolute immunity extends to court clerks who perform acts that are an integral part of the judicial process. *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992), *Smith v. Erickson*, 884 F.2d 1108, 111 (8th Cir. 1988). Thus, Defendants Watkins, Clase, and

Carroll are entitled to absolute immunity from Plaintiff's claims.

It is equally well established that a § 1983 action can only be filed against a "state actor" or a person acting under "the color of state law." *See* 42 U.S.C. § 1983; *Scheeler v. City of St. Cloud, Minn.,* 402 F.3d 826, 830 (8th Cir. 2005); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (explaining that: "Section 1983 secures most constitutional rights from infringement by governments, not private parties"). Because Defendant Coates is a private party that in no way acted under color of law when she obtained a divorce from Plaintiff, the Complaint fails to state a claim, under § 1983, against Defendant Coates.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[1]

---

[1] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

     3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and accompanying Judgment adopting this Recommended Disposition would not be taken in good faith.

    Dated this 5th day of October, 2006.

                                                                     _____
                                                                       UNITED STATES MAGISTRATE JUDGE